Appeal of WILKES-BARRE LACE     Docket No. 452.
         MANUFACTURING CO.

Accelerated depreciation of special machinery due to war conditions, allowed for the years 1918 and 1919.

Where an accelerated allowance for exhaustion, wear, and tear of property is allowed as a deduction, the cost of replacement of such property may not be taken as a deduction in subsequent income-tax returns, but must be charged against the depreciation reserve to the extent of such acceleration allowance.

Submitted January 6, 1925; decided January 31, 1925.

Frank S. Bright, Esq., for the taxpayer.

Laurence Graves, Esq. (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal was heard December 2, 1924, and final exhibits filed and appeal submitted January 6, 1925. The appeal involves income and profits tax for the years 1918 to 1920, inclusive, and is based upon a deficiency letter of the Commissioner dated August 26, 1924, asserting deficiencies in tax as follows:

| | |
|---|---:|
| 1918 | $43,043.82 |
| 1919 | 32,292.91 |
| 1920 | 10,428.36 |
| Total | 85,765.09 |

The taxpayer admits a portion of the above liability but claims the statement should be as follows:

| | |
|---|---:|
| 1918 Overassessment | $841.74 |
| 1919 Deficiency | 15,126.18 |
| 1920 Deficiency | 11,370.15 |
| Net deficiency | 25,654.59 |

FINDINGS OF FACT.

The taxpayer is a Pennsylvania corporation, with principal offices at Wilkes-Barre, Pa.

It is engaged in the business of lace making and uses for that purpose looms and parts imported from England. This machinery is not manufactured in the United States and repairs and replacements can only be made by importation from England.

During the World War and throughout the years 1914 to 1919, inclusive, the importation of lace-making machinery and repair parts therefor, of the kind used by the taxpayer, was cut off. During this period, the taxpayer proceeded with the manufacture of lace under severe handicaps. It first used its reserve supply of repair parts; then dismantled some machines and used the parts from them for the repair of the balance, and finally was forced to allow all the machines to fall into a greater or less degree of disrepair, greatly impairing their operation and accelerating the rate of their depreciation. ˙

By reason of these facts, in part recognized by the Commissioner, the taxpayer claimed a rate of depreciation upon all its machinery for the years 1918 and 1919 of 12½ per cent and 10 per cent, respectively, and the Commissioner allowed a rate of 6¼ per cent for both years upon all the machinery account. It is agreed by both parties that 5 per cent is, in the absence of unusual conditions, a reasonable allowance for exhaustion in the case of the machinery in question, and the taxpayer claimed only 5 per cent upon all machinery in the year 1920.

Under normal conditions, the taxpayer makes major repairs amounting to a substantial replacement of all the working parts of the machines in question at the rate of about 4½ machines per year out of 72 machines in normal use.

During 1917, 1918, and 1919, 10 machines were repaired in whole or in part in this manner but, as above set forth, the repair parts were for the most part derived from other machines, there being in fact ten such machines wholly withdrawn from use in this manner, some of which were so far dismantled as to be rendered worthless for use and the parts not used in repairs were scrapped.

During 1920, 1921, 1922, and 1923, repair parts were imported and the work of repairs was accelerated, the total machines repaired being as follows:

1920 _____ 15
1921 _____ 11
1922 _____ 12
1923 _____ 8

Total _____ 46

As under normal conditions 18 machines would have been repaired over this period, the excess repaired during the period was 28, all or largely due to the retardation of normal repairs during the war period.

The cost of repairing a machine of the kind in question varies from $3,600 to $5,100, and $4,352.96 is the average cost as shown by data submitted by the taxpayer for such repairs per machine, this cost including both repair parts and labor. For 28 machines this cost is $121,882.88 for the restoration of the retarded repairs of the years 1918 and 1919. The allowance claimed by the taxpayer upon all machinery, including the machinery here in question, for exhaustion, wear, and tear for the years 1918 and 1919 was:

1918 _____ $160, 878. 78
1919 _____ 131, 397. 64

Total _____ 292, 276. 42

The amount allowed by the Commissioner was:

1918 _____ $87, 659. 22
1919 _____ 87, 538. 40

Total _____ 175, 197. 62

The amount claimed by the taxpayer and disallowed by the Commissioner was:

1918 _____ $73, 219. 56
1919 _____ 43, 859. 24

Total _____ 117, 078. 80

The taxpayer charged the cost of the repairs made in the years 1920 to 1923, inclusive, upon the machines so reconditioned partly to expense and partly to capital account without segregation in specific accounts as follows:

|  | 1920. | 1921. | 1922. | 1923. |
|---|---|---|---|---|
| Weave room repair labor | $21,714.39 | $20,135.78 | $18,139.14 | $18,715.74 |
| Weave room bobbin and carriage repair labor | 8,399.90 | 6,560.20 | 7,165.27 | 7,152.89 |
| Weave room loom fixer's pay roll | 13,031.79 | 13,388.71 | 13,113.28 | 16,192.01 |
| Weave room repair parts charged to expense | 5,404.17 | 5,844.03 | 4,387.43 | 4,893.44 |
| Weave room repair parts charged to capital acct | 7,001.81 | 00 | .8,996.18 | .00 |
| Total weave room repairs | 55,552.06 | 45,928.72 | 51,801.30 | 46,954.08 |

The total of the repair costs for the above four years is $200,236.16, of which $15,997.99 was charged to capital account and $184,238.17 was charged to expense. The cost of normal repairs upon 18 machines which would have been reconditioned in any event over this period is $78,353.28, and the balance of the total cost of repair fairly attributable to the delayed repairs of the war period is $121,882.88.

The Commissioner has allowed 6¼ per cent upon all machinery in lieu of a normal allowance of 5 per cent and his allowance includes a portion of the foregoing estimated total cost of repairs of $121,882.88. The amounts so included for 1918 and 1919 are:

| | |
|---|---|
| 1918 | $17,531.84 |
| 1919 | 17,507.68 |
| Total | $35,039.52 |

The total cost of repairs above set forth of $121,882.88, less $35,039.52, equals $86,843.36. The Board finds that this sum is the amount which should be allowed for 1918 and 1919 for exhaustion, wear, and tear in excess of the sum heretofore allowed by the Commissioner. The taxpayer has claimed a rate of 12½ per cent. for 1918 and 10 per cent for 1919, and the Board finds that of the above additional allowance over a normal rate, three-fifths or $52,106.02, and two-fifths or $34,737.34, should be allowed as a deduction for the years 1918 and 1919, respectively.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

JAMES: It is apparent from the foregoing findings of fact that the taxpayer is entitled to the allowance claimed by it for the taxable years 1918 and 1919, to the extent set forth therein. It is probably true that a portion of the accelerated exhaustion, wear and tear of machinery was recovered by a high rate for the year 1917 which the evidence discloses was allowed by the Commissioner for 1917, but the evidence also discloses that the process of repair was not complete, even at the close of 1924.

The taxpayer, however, has charged none of the cost of the repairs against the depreciation reserve, the credits to which are here allowed by the Board upon the sole ground that they constitute an extraordinary allowance to offset an extraordinary course of exhaustion, wear, and tear. The taxpayer can not be permitted to deduct this allowance in the years 1918 and 1919 as an allowance for repairs to be made in the future and also to deduct the cost of the repairs in the years 1920 to 1923 when they were made. Nor can the cost of such repairs be permitted to be charged in whole or in part to capital account, since by so doing the value so capitalized is subject to depreciation and is recoverable over 20 years from the date charged into capital account.

The taxpayer has charged to capital $7,001.81 in 1920, and $8,996.18 in 1922, on account of repair parts purchased in those years.

These charges should be transferred to the depreciation reserve account and any depreciation computed thereon should be restored to income for the year in which such deduction was made. The taxpayer has claimed and has been allowed herein additional depreciation for 1918 and 1919 in the sum of $86,843.36. Deducting therefrom the total carried to capital account of $15,997.99, the remainder—$70,845.37—and the excess already allowed by the Commissioner, should be transferred from expense to depreciation reserve in the years 1920 to 1923 in the amounts and upon the basis set forth below.

The 28 machines repaired in 1920 and 1923 in excess of the normal 18 for that period were distributed by years, as follows:

|      | Total repaired. | Normal average. | Excess over normal. |
|------|-----------------|-----------------|---------------------|
| 1920 | 15 | 4. 5 | 10. 5 |
| 1921 | 11 | 4. 5 | 6. 5 |
| 1922 | 12 | 4. 5 | 7. 5 |
| 1923 | 8 | 4. 5 | 3. 5 |
|      | 46 | 18 | 28 |

The total reserve for repairs allowed herein of $121,882.88, distributed over the years 1920 to 1923 in accordance with the 28 machines repaired in excess of normal for those years, is as follows:

| | |
|---|---|
| 1920 | $45, 706. 08 |
| 1921 | 28, 294. 24 |
| 1922 | 32, 647. 20 |
| 1923 | 15, 235. 36 |
| | 121, 882. 88 |

Charges to expense and to capital during the above years, so far as reflected in returns of income, should be reversed and charged to depreciation reserve, as follows:

|      | Allowable deductions for expense of repairs reduced. | Capital reduced. |
|------|------------------------------------------------------|------------------|
| 1920 | $38, 704. 27 | $7, 001. 81 |
| 1921 | 28, 294. 24 | ------------ |
| 1922 | 23, 651. 02 | 8, 996. 18 |
| 1923 | 15, 235. 36 | ------------ |
|      | 105, 884. 89 | 15, 997. 99 |
|      | 15, 977. 99 | |
|      | 121, 882. 88 | |

In addition, depreciation, if any, deducted on the sums of $7,001.81 and $8,996.18 in the years 1920 to 1924, inclusive, should be restored to income in each of such years, respectively.

The years from 1921 to 1924 are not now before the Board. It could not justly, however, disallow the determination of the Com-

missioner in this appeal without indicating the effect of the decision of the board upon the deductions taken by the taxpayer in the years subsequent to 1920. The adjustments indicated are not in any sense to be taken as a determination on the part of the Board with respect to any deficiency in tax for such years. That duty in all cases devolves in the first instance upon the Commissioner.