*470 OPINION.
James :
It is apparent from the foregoing findings of fact that the taxpayer is entitled to the allowance claimed by it for the taxable years 1918 and 1919, to the extent set forth therein. It is probably true that a portion of the accelerated exhaustion, wear and tear of machinery was recovered by a high rate for the year 1917 which the evidence discloses was allowed by the Commissioner for 1917, but the evidence also discloses that the process of repair was not complete, even at the close of 1924.
The taxpayer, however, has charged none of the cost of the repairs against the depreciation reserve, the credits to which are here allowed by the Board upon the sole ground that they constitute an extraordinary allowance to offset an extraordinary course of exhaustion, wear, and tear. The taxpayer can not be permitted to deduct this allowance in the years 1918 and 1919 as an allowance for repairs to be made in the future and also to deduct the cost of the repairs in the years 1920 to 1923 when they were made. Nor can the cost of such repairs be permitted to be charged in whole or in part to capital account, since by so doing the value so capitalized is subject to depreciation and is recoverable over 20 years from the date charged into capital account.
The taxpayer has charged to capital $7,001.81 in 1920, and $8,996.18 in 1922, on account of repair parts purchased in those years. *471 These charges should be transferred to the depreciation reserve account and any depreciation computed thereon should be restored to income for the year in which such deduction was made. The taxpayer has claimed and has been allowed herein additional depreciation for 1918 and 1919 in the sum of $86,843.36. Deducting therefrom the total carried to capital account of $15,997.99, the remainder — $70,845.37—and the excess already allowed by the Commissioner, should be transferred from expense to depreciation reserve in the years 1920 to 1923 in the amounts and upon the basis set forth below.
The 28 machines repaired in 1920 and 1923 in excess of the normal 18 for that period were distributed by years, as follows:
[[Image here]]
The total reserve for repairs allowed herein of $121,882.88, distributed over the years 1920 to 1923 in accordance with the 28 machines repaired in excess of normal for those years, is as follows:
1920_ $45,706.08
1921_ 28,294.24
1922_ 32, 647. 20
1923_ 15,235.36
121, 882. 88
Charges to expense and to capital during the above years, so far as reflected in returns of income, should be reversed and charged to depreciation reserve, as follows:
[[Image here]]
In addition, depreciation, if any, deducted on the sums of $7,001.81 and $8,996.18 in the years 1920 to 1924, inclusive, should be restored to income in each of such years, respectively.
The years from 1921 to 1924 are not now before the Board. It could not justly, however, disallow the determination of the Com *472 missioner in this appeal without indicating the effect of the decision of the board upon the deductions taken by the taxpayer in the years subsequent to 1920. The adjustments indicated are not in any sense to be taken as a determination on the part of the Board with respect to any deficiency in tax for such years. That duty in all cases devolves in the first instance upon the Commissioner.